Case 1:22-cv-01050-SOH   Document 38   Filed 07/05/23   Page 1 of 12 PageID #: 163

FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Jul 5, 2023
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

BARRY MICHAEL PRATT, JR.                                               PLAINTIFF

v.                              Civil No. 1:22-cv-01050

SHERIFF RICKY ROBERTS; and
CAPTAIN RICHARD MITCHAM                                               DEFENDANTS

## REPORT AND RECOMMENDATION

This is a civil rights action filed *pro* se by Plaintiff, Barry Michael Pratt, Jr., under 42 U.S.C. § 1983. Plaintiff names as Defendants Sheriff Ricky Roberts and Captain Richard Mitcham. Plaintiff claims all Defendants violated his constitutional rights in both their individual capacities as well as official capacities. Before the Court is Defendants Motion for Summary Judgment. (ECF No. 23). Plaintiff has filed a Response in the form of a Motion to Proceed to Trial (ECF No. 28). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

## I. FACTUAL BACKROUND

In July and August 2022, Plaintiff was incarcerated in Union County Detention Center ("UCDC") in El Dorado, Arkansas. At all times relevant to the instant lawsuit, Defendant Roberts was the Sheriff of Union County and Defendant Mitcham was the Jail Administrator of UCDC. Plaintiff was incarcerated in the UCDC in July and August of 2022 as a pretrial detainee. (ECF No. 25-4, p. 7).

The material facts in this matter are undisputed. Plaintiff was arrested in early July 2022 for violating a protective order. This arrest also resulted in a petition to revoke his suspended

1

sentence on a gun charge. (ECF No. 25, p. 1). On July 5, 2022, Plaintiff's defense counsel requested a mental health evaluation for Plaintiff. (ECF No. 25-1). Plaintiff was unaware of this request by his attorney at the time he wrote his Complaint but admits this occurred in his deposition. (ECF No. 25-4, p. 22).

On August 11, 2022, Plaintiff appeared before Judge Hamilton Singleton. Judge Singleton dismissed Plaintiff's charges and ordered him released from the UCDC. (ECF No. 25-2). It was 2:00 p.m. when Judge Singleton ordered, from the bench, Plaintiff released. (ECF No. 25-4, p. 16). Defendant Mitcham stated in his affidavit that the UCDC has a policy to process inmates release as quickly as possible, but sometimes staffing and other challenges cause delays. (ECF No. 25-3, p. 1). There is no written policy or procedure of the UCDC on the summary judgment record. Plaintiff was returned to general population after his hearing, and he was not released from the UCDC until approximately 5:00 the same day. (ECF No. 25-4, p. 6). Plaintiff questioned officers during dinner service as to why he had not been released yet, and he was told the UCDC was shorthanded. (ECF No. 28, p. 2). Neither Defendants Mitcham nor Roberts were present during Plaintiff's hearing on August 11, 2022, and had no knowledge of his ordered release until after he was processed out of the UCDC. (ECF No. 25).

## II. PROCEDURAL BACKGROUND

In his Complaint, Plaintiff asserts two claims: (1) his constitutional rights were violated on August 11, 2022 when Defendants failed to release him immediately upon the Court's release order—holding him for approximately three extra hours after his ordered release; and (2) he was falsely imprisoned for an additional month in order to conduct an unwarranted mental evaluation ordered by Defendant Mitcham. (ECF No. 1, pp. 4-7). Plaintiff asserts both claims against both Defendants in their individual and official capacities. *Id.* For relief, Plaintiff requests: costs;

preliminary and permanent injunction ordering Defendants to cease all false imprisonment; compensatory damages in the amount of $200,000.00; nominal damages; and punitive damages in the amount of $150,000.  *Id.*

Defendants filed their Motion for Summary Judgment with Brief in Support and Statement of Facts on February 17, 2023.  (ECF Nos. 24, 25, 26).  In their Motion, Defendants argue: (1) Plaintiff has failed to show either Defendant caused any of this complained of actions; (2) even if Plaintiff could show Defendants caused the delay of release or extra month of incarceration, Defendants are entitled to qualified immunity; and (3) without any constitutional violation, there can be no official capacity claim against Union County.  (ECF No. 24).

Plaintiff responded to Defendants' Motion for Summary Judgment with a Motion to Proceed to Trial.  (ECF No. 28).  In this Motion, Plaintiff argues: (1) Defendants are confused as Plaintiff did not assert any claim against Richard Mitcham in this case and this Complaint involves Sheriff Roberts only (ECF No. 28, pp. 1-2); (2) Sheriff Roberts is responsible because it is his policy and procedures; and (3) Arkansas Jail Standards state Plaintiff should not have been placed back in population, but instead, he should have been dressed, paper work done immediately, and released as soon as possible.[1]  *Id.* at 3.

Defendants then filed a Reply to Plaintiff's Motion to Proceed to Trial.  (ECF No. 31).  In their Reply, Defendants argue: (1) they have no objection to Plaintiff's abandonment of all claims against Defendant Mitcham; (2) if the Court does not consider the claims against Defendant Mitcham abandoned the Defendants are entitled to qualified immunity for any claim of false imprisonment; (3) Defendant Roberts was not personally involved in any complained of actions

---

[1] Plaintiff also restated some factual allegations regarding Claim One, but as they are not materially different from those in his Complaint the Court finds it unnecessary to repeat them here.

3

and therefore cannot be held liable; and (4) Plaintiff has failed to provide any evidence of an unconditional policy, procedure, or custom of Union County that violated his rights. (ECF No. 31).

Finally, Plaintiff filed a Supplement to his Motion to Proceed to Trial. (ECF No. 33). In his Motion to Supplement, Plaintiff argues being returned to general population instead of being released immediately is a "process of [a]dministrative foot-dragging." Plaintiff claims the policy and "way" the jail is run is not efficient. Plaintiff goes on to argue Defendant Sheriff Roberts "doesn't even have his own policy" because the written policy was written in 2010 before Sheriff Roberts was elected. *Id*. at 1. Specifically, Plaintiff states:

> Now that Capt[ian] Richard Mitcham is [no] longer employed by Union County things are getting better, but Roberts doesn't seem to care, there like I said is [no] written polic[ies], we have [no] outlets, they just lock you up and hide you.

*Id*. at 2 (errors in original). Finally, Plaintiff states he sees inmates get ordered released all the time and it take three to four hours to release them from the jail. *Id.*

### III. LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *Nat'l Bank of Comm. v. Dow Chem. Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *Nat'l Bank*, 165 F.3d at 607. "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id*. at 610. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Under § 1983, a defendant may be sued in either his personal capacity, or in his official capacity, or claims may be stated against a defendant in both his personal and his official capacities. The type of conduct that is actionable and the type of defense available depend on whether the claim is asserted against a defendant in his official or individual capacity. *See Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998) (internal citations omitted). "Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself." *Id.* Personal capacity claims "are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense" to these individual capacity claims. *Id.* To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that the defendant acted under color of state law, and that the actor violated a right, privilege, or immunity secured by the Constitution. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999).

## IV. DISCUSSION

As an initial matter, the Court recommends dismissal without prejudice of Defendant Mitcham. *See* Fed. R. Civ. P. 41(a). In Plaintiff's Motion to Proceed to trial, he specifically states his case has nothing to do with Richard Mitcham and his claims are asserted against Sheriff Roberts only. (ECF No. 28, pp. 1-2). In their Reply, Defendants agree to Plaintiff's "abandonment" of the claim against Defendant Mitcham. (ECF No. 31). Accordingly, the Court interprets the summary judgment briefing by the parties to be a stipulation of the voluntary dismissal of Defendant Mitcham and recommends dismissal of all claims asserted against Defendant Mitcham without prejudice.

### A. Individual Capacity Claims

Next, Defendants Roberts argues he cannot be held liable for actions of which he was not personally involved, and he asserts qualified immunity. Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Dunham v. Wadley,* 195 F.3d 1007, 1009 (8th Cir.1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under Section 1983. *See Daniels v. Williams,* 474 U.S. 327 (1986); *Davidson v. Cannon,* 474 U.S. 344, 348 (1986).

A claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability. *See Monell v. Department of Social Servs,* 436 U.S. 654, 694 (1978). "[A] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional

6

activity." *White v. Holmes,* 21 F.3d 277, 280 (8th Cir.1994); *see also Whitson v. Stone County Jail,* 602 F.3d 920, 928 (8th Cir.2010) ("In a § 1983 case, an official is only liable for his own misconduct and is not accountable for the misdeeds of his agents under a theory such as respondeat superior or supervisor liability") (internal quotations omitted); *Keeper v. King,* 130 F.3d 1309, 1314 (8th Cir.1997) ("general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability").

"Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout,* 477 F.3d 962, 967 (8th Cir.2007) (*quoting Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir.2006)).

   1. **Claim One – Delayed Release on August 11, 2022**

There are no facts on the record to indicate Defendants Roberts was directly involved in the delay of Plaintiff's release on August 11, 2022.  The summary judgment record indicates Defendant Roberts was not present at Plaintiff's hearing in which the judged ordered his release. (ECF No. 25-4, pp. 15-16).  Furthermore, the record indicates Defendant Roberts was not aware of Plaintiff's ordered release at all.  (ECF No. 25-3).  Plaintiff has failed to point to specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights. *See Clemmons,,* 477 F.3d at 967.  Accordingly, there are no issues of fact as to Defendant Roberts lack of personal involvement in Plaintiff's Claim One.

   2. **Claim Two – False Imprisonment**

Plaintiff has also failed to point to any specific facts of personal involvement of Defendant regarding his Claim Two.  Plaintiff admitted his own attorney caused the additional incarceration

7

time when the attorney, without Plaintiff's knowledge moved for the mental health evaluation. Accordingly, Plaintiff has failed to state a cognizable claim against Defendant Roberts in his Claim Two. *See Clemmons,,* 477 F.3d at 967.

As Plaintiff has failed to show Defendant was personal involved or even had knowledge of any of his complained of conduct there can be no individual liability on the part of Defendant Roberts with regards to Plaintiff's Claims One and Two. *See Keeper,* 130 F.3d at 1314. Without individual liability, the Court need not address Defendants' assertion of qualified immunity.

### B. Official Capacity Claims

Next, the Court must address Plaintiff's claims that Defendant Roberts violated his due process rights in his official capacity—through the policy and procedures of Union County.

Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). In this case, Plaintiff's official capacity claim against Defendant Roberts is treated as a claim against Union County. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a municipality [or county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). To establish Union County's liability under Section 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted). Here, this means Plaintiff must produce summary judgment evidence to show a policy or custom of Union County contributed to his claimed constitutional violations—a due process violation through delayed release and unlawful imprisonment for one additional month.

**1. Claim One – Delayed Release on August 11, 2022**

While there are no written policies of Union County on the summary judgment record, Plaintiff does claim a custom of Union County caused the delay in his release on August 11, 2022. Specifically, Plaintiff claims:

> I am currently locked up in Union County Jail and I see the same thing day after day 3 to 4 hours, they will serve chow before releasing an inmate, things like that should take a back se[a]t to a human beings freedom, especially after being cleared of all charges.

(ECF Nos. 28, 33)

To establish a claim for "custom" liability, Plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the official of that misconduct; and

3) That Plaintiff was injured by acts pursuant to the government entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas County Medical Dept.*, 725 F.3d 825, p. (8th Cir. 2013). "A single deviation from a written, official policy does not prove a conflicting custom." *Id.* (quoting *Jane Doe A v. Special Sch. Dist. of St. Louis*, 901 F.2d 642, 646 (8th Cir. 1990)).

More specifically with regards to Plaintiff's Claim One, to prove his due process rights were violated and that Union County should be held liable for the delay of three hours in his release, Plaintiff must show: (1) his extended detention shocks the conscience; and (2) the detention was caused by a county policy or custom evidencing deliberate indifference—a level of

culpability similar to criminal recklessness. *Lund v. Hennepin Cty,* 427 F.3d 1123, 1127 (8th Cir. 2005).

A delay of three hours while waiting in general population and being fed dinner fails to state a constitutional violation that shocks the conscience given the totality of the circumstances presented here. *See e.g., Lund v. Hennepin Cty,* 427 F.3d 1123 (8th Cir. 2005) (holding a twelve-hour-out-processing delay without any further mistreatment was insufficient to shock the conscience and give rise to a due process violation when the policy of the facility was to release as expeditiously as possible while maintaining security and completing all proper paperwork required by the state); *see also Luckes v. Hennepin County,* 415 F.3d 936, 940 (8th Cir. 2005) (holding a twenty-four-hour delay did not shock the conscience under the totality of the circumstances even though the detainee was held in a crowded holding cell with more violent offenders who threatened him).

Furthermore, while Plaintiff has alleged the existence of a UCDC custom regarding the processing of released inmates, he has not presented any summary judgment evidence to contradict the Defendant's summary judgment evidence stating the policy of the UCDC is to process released inmates as quickly as possible, and that the delay of his release was caused by a short staff on the day at issue. (ECF Nos. 25-3, 25-4)). In the face of summary judgment evidence, Plaintiff cannot rely upon conclusory allegations only. *Nat'l Bank*, 165 F.3d at 607. Accordingly, Plaintiff has failed to state a cognizable claim regarding his delayed release on August 11, 2022.

As to Plaintiff's claim regarding Defendant Roberts violating Arkansas Jail Standards with his delayed release, the Court notes Defendant Roberts cannot be held liable under Section 1983 for violating prison policy or the Arkansas Jail Standards. *See, e.g. Phillips v. Norris*, 320 F.3d

844, 847 (8th Cir. 2003) (failure to follow state law or policy does not in and of itself state a constitutional claim).

### 2. Claim Two – False Imprisonment

Finally, as the summary judgment record reflects, and Plaintiff does not dispute, his own attorney requested the mental health evaluation that caused the one-month extension in his incarceration, he cannot show a custom, policy, or procedure of Union County was the moving force behind his claimed false imprisonment from this one-month delay. *See Johnson*, 725 F.3d 825.

Accordingly, considering the summary judgment record in the light most favorable to Plaintiff, Plaintiff's official capacity claims against Defendant Roberts fail as a matter of law.

### V. CONCLUSION

For the reasons stated above, I recommend the Defendants' Motion for Summary Judgment (ECF No. 23) be **GRANTED** and all claims against Defendant Roberts be **DISMISSED WITH PREJUDICE** and all claims against Defendant Mitcham be **DISMISSED WITHOUT PREJUDICE**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 5 day of July 2023.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE